†Bowman et al. v. Fuher et al. .

1. STATING AND NUMBERING CAUSES OF ACTION.

In an action to recover damages for different breaches of a contract, the court should not require the plaintiff to separately state and number different causes of action based upon each separate breach.

2. DEFECTIVE CHARGE TO THE JURY.

Where the common pleas court in its charge to the jury only gave separate and disconnected propositions requested by counsel for both plaintiff and defendant, with no general charge in the court's own language so as to place the case before the jury fully and completely, and thus enable the jury to make an intelligent application of the principles of law to the facts; *held*, error.

ERROR to the Court of Common Pleas of Lucas county. .

This action was brought in the common pleas court by plaintiffs in error to recover $13,000 as commissions for the sale of real estate, based upon a written contract made between the parties, wherein the defendants in error gave the plaintiffs in error (real estate dealers in Toledo, Ohio), the right to sell for them 864 acres of oil land in Wood county, the plaintiffs to have all realized thereon over and above the sum of $39,000. By the terms of the contract the right to sell was conferred upon plaintiffs for the period of ninety days, and thereafter until defendants should serve written notice of cancellation of the contract upon plaintiffs—the defendants to have the right to sell themselves, but not to place the property for sale in the hands of any other person than the plaintiffs.

No sale was consummated within the ninety days, and immediately upon the expiration thereof written notice was served by the defendants upon the plaintiffs cancelling the contract; two days later the defendants executed a deed transferring the land to The Standard Oil company for the sum of $52,000. Defendants claimed to have accomplished the sale themselves, independently of the plaintiffs. The claims of the plaintiffs are sufficiently set forth in the court's opinion. .

†Dismissed by the Supreme Court for want of a printed record; 3 News, 71.

The defendants filed a motion to require plaintiffs to separately state and number causes of action contained in the petition, claiming that the petition stated a cause of action for commission upon the contract, and two separate causes of action based upon the alleged fraud of the defendants. The motion was granted by the court below, and the plaintiffs filed an amended petition making three different causes of action, to which defendants answered, admitting the execution of the contract, but denied any liability. A judgment being rendered for the defendants upon a verdict of the jury in their favor, plaintiffs prosecuted error.

HAYNES, J.

This is a petition in error to reverse the action of the court below, wherein Oliver P. Bowman and others were plaintiffs and John Fuher *et al.* were defendants.

Four errors are alleged : First, that the court erred in requiring the plaintiffs to separately state and number the causes of action in the amended petition.

In the making of that order we think the court did err. Under the rules of law, there was but one contract and one agreement, and the method of setting forth the contract and the breaches thereof as adopted in the original petition, was the correct form of pleading. It belongs to that class of cases in which there is one contract, and upon which there may be assigned several breaches—in fact there are several breaches in the contract. A very instructive case in regard to pleading in that class of cases may be found in 12 Wisconsin Reports, at page 276, *Fisk* v. *Tank*, and others. In that case the defendants had contracted to build a steamboat and have it completed at a certain time and in a certain manner and form. Suit was brought by the owner of the boat averring that the defendants had failed to perform their contract, setting out several particulars, and thereupon the defendants had taken exceptions to that being a proper form of pleading. Chief Justice Dixon, speaking for the court, says :

"The appellant's application to compel the respondent to elect upon which of the claims stated in his complaint he would proceed, and to abandon the residue, was properly denied by the court. The complaint is not, as seems to have been supposed by the appellant's counsel, either double or multifarious. It does not contain a statement of several distinct causes of action improperly blended together, or of separate injuries to different chattels, or separate demands upon different contracts, as upon two or more promissory notes, or a note and book account, or the like, but it proceeds for damages for several breaches of one contract. It is obvious that in such a case the plaintiff may, either at common law or under the Code, in a single statement or count, allege as many breaches as he chooses, and when he comes to the trial, be permitted to give evidence concerning any or all of them."

And bearing upon the same question—although not so directly—is the case of *Stein* v. *Steamboat, etc.*, 17 Ohio St., 472, and *James* v. *Allen County*, 44 Ohio St., 226. In obedience to the order of court, plaintiffs filed an amended petition setting forth three causes of action, and thereupon the defendants filed a motion to compel the party to elect which one he would proceed upon. That motion was overruled by the court, and the trial was had upon the whole of the three causes of action.

We might not be willing, for the reason that the court required the filing of this amended petition alone—to reverse the judgment of the

court after the trial was had upon the three causes of action ; nevertheless we think that in the action of the court there was manifest error, and that it tended to the prejudice of the defendant.

Second—Having found this, the second error stated becomes a matter of no importance.

Third—The third assignment of error is : That the court erred in its charge to the jury.

We are of the opinion that there is error in the charge of the court; and without going over the various matters that are stated in that charge, we will simply state the reasons for our opinion briefly.

The court in the first place, in charging the jury, simply gave certain propositions that were requested by the defendants, to the jury, with very slight modification ; and, secondly, gave certain propositions requested by the plaintiffs.

There was no general charge by the court—scarcely a word in it of his own statement—and this form of charge has been the subject of discussion in the supreme court, and the supreme court have, upon more than one occasion, declared their objections to that form of charge, and held it to be faulty.

We think further that the charges, as given by the court at the request of the plaintiffs and defendants, had a tendency to state the points at issue incorrectly before the jury, and insufficiently. The object of the attorney for the defendants was, to get the court to charge as strongly as possible that there must be a sale of the property in question by the plaintiffs within the time stated in the contract, very largely ignoring the peculiar circumstances that are set·up in the petition, upon which the plaintiffs claim the right to recover. It is true, that as a general proposition, the expectation and understanding was that a sale was to be made within the ninety days, or within the further time within which the defendants did not give notice to terminate the contract; but the gravamen of the plaintiff's action is this: that while the defendants had entered into a contract giving plaintiffs the exclusive right to sell the land in question within a certain time, or within a certain further time—that immediately upon the execution of the contract defendants commenced to take steps to defeat the plaintiffs in making a sale and to make the sale themselves. And it is further claimed by plaintiffs that the defendants executed a power of attorney to a third party who claimed that he sold the property, and thereupon the defendants made a statement of that claim, or alleged fact, to the plaintiffs, and requested them to desist from any further attempts to sell until the question was disposed of whether those parties bought it. It seems that in that the plaintiffs acquiesced. It is further claimed that rumors were circulated through the country that they had offered the land for $40 an acre (being less than the amount for which they were authorized to sell it), and this plaintiffs deny. It is claimed further, that the defendants refused to allow a party who was produced by the plaintiffs (on the 10th day of April—which was about the expiration of the ninety days specified in the contract) time to examine the abstracts and papers; that this party was ready and willing to purchase the property, at and for the price of $41,000, being in excess of the price for which they were authorized to sell, and that this party requested to see the abstracts and to have time to examine them, but that the defendants refused to give a moment of time and took up the abstracts and left the room, thereby prevented the making of a sale. It is claimed further by the plaintiffs that during this period of ninety days

Bowman et al. v. Fuher et al.

the defendants corresponded with persons to whom the plaintiffs had offered to sell the property and to whom plaintiffs had given information that the property was for sale, and to whom they had furnished a description of the property and maps; and that the defendants arranged with these parties to sell the property to them, but that the sale should not be consummated within the period limited by the contract. That thus the sale was not consummated until the time expired and the defendants had served notice upon the plaintiffs that they terminated the contract; and that thereupon defendants proceeded to close up the contract with the parties (customers of plaintiff) at and for the sum of $50,000.

Now, the gravamen of the pleading was, not that they had sold the land within the ninety days, themselves—that is not the question, but that during all the time that the contract was running the defendants had prevented them from making the sale, and had sold the property themselves to plaintiffs' customers, and consummated it after the time limited in the contract had expired.

Now, in the charge of the court, undue prominence was given to the period of time to which the contract was limited, as we think; and further, we think undue prominence was given to the question of fraud upon the part of defendants—the real question being, not one of fraud especially, but whether in fact they had prevented the plaintiffs from making the sale, or hindered or delayed them, and whether or not defendants had in fact during that time made a sale to plaintiffs' customers to be consummated after the termination of the period of ninety days. We think the court should have taken these requests to charge, and examined them, and then, so far as the views of the court conformed to those propositions, he should have made the charge in his own language, giving a full and complete charge to the jury so as to put the jury in possession of all the propositions of law and their application to the facts, as would enable them to have made an intelligent application of the principles of the law to the facts. And that might have led them to a different conclusion.

So far as the claim that the verdict was against the evidence is concerned, we do not pass.

It is said, however, by the defendants' attorney, that the errors, if there were any in the charge of the court, or in the amendment in the pleadings, were all cured because on the facts of the case any verdict for the plaintiffs would not have been sustained—that there was no cause of action. We have only this to say with reference to that: In our judgment, in view of the testimony, under a proper charge of the court, there would have been sufficient evidence to have authorized the jury to have given a verdict for the plaintiffs for some sum, but what sum we do not state.

The judgment of the court below will be reversed and the verdict will be set aside, and an order entered directing the court of common pleas to strike the second amended petition from the files of the court, and to proceed to a new trial of the case, or take such further proceedings therein as may be required by law.

The plaintiffs in error will recover their costs, and a special mandate will be issued to the court of common pleas to carry the execution as to costs into effect.

NOTE.—The defendants filed their petition in error in the Supreme Court to reverse the judgment of reversal of the circuit court, but while the case was there pending awaiting a hearing, plaintiffs had the case set down for re trial in the common pleas court; the latter court holding

that the proceedings being prosecuted in the supreme court did not prevent an immediate retrial of the case in the common pleas.

Upon a retrial in the common pleas the jury again awarded a verdict in favor of the defendants, and the case terminated, the proceedings in the supreme court being dismissed without any action by that court upon the questions involved.

*Edward H. Rhoades* and *Clayton W. Everett*, for Plaintiffs.

*Orville S. Brumback*, for Defendants.